1  HIRSCH ADELL (CSB 34208) and
   J. DAVID SACKMAN (CSB 106703) Members of
2  REICH, ADELL & CVITAN
   A Professional Law Corporation
3  3550 Wilshire Blvd., Suite 2000
   Los Angeles, California 90010
4  Telephone: (213) 386-3860
   Facsimile: (213) 386-5583
5  email: jds@rac-law.com

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 TRUTEES OF THE SOUTHERN         ) CASE NO. CV 03-5550 R (RZx)
   CALIFORNIA BAKERY DRIVERS       )
12 SECURITY FUND; DIRK             )
   GEERSEN,                        ) INTERLOCUTORY JUDGMENT FOR
13                                 ) CONSTRUCTIVE TRUST,
                Plaintiffs,        ) ACCOUNTING AND PERSONAL
14                                 ) LIABILITY AND APPOINTMENT OF A
         vs.                       ) MASTER FOR ACCOUNTING
15                                 ) [29 U.S.C. §§ 1109(a) and 1132(a)(2);
   RICK MIDDLETON; BOB DOSS;       ) Fed. R. Civ. P. 53(b)]
16 RONN ENGLISH; PERRI NEWELL;     )
   SOUTH BAY TEAMSTERS AND         )
17 EMPLOYERS HEALTH AND            )
   WELFARE AND RELATED             )
18 BENEFITS TRUST FUND,            )
                                   ) Date: August 4, 2008
19              Defendants.        ) Time: 10:00 a.m.
                                   ) Ctrm: 8 (Spring St.)
20 _____ )

21

22      The Court, having heard Plaintiffs' Motion for Summary Judgment, after

23 considering all of the evidence and argument presented by the parties, hereby

24 GRANTS the Motion, for the reasons stated in the separate Statement of

25 Uncontroverted Facts and Conclusions of Law.

26      JUDGMENT is therefore entered on Plaintiffs' Second Claim for Relief, in

27 favor of Plaintiffs TRUSTEES OF THE SOUTHERN CALIFORNIA BAKERY

28 DRIVERS SECURITY FUND; DIRK GEERSEN, against Defendants RICK

MIDDLETON; BOB DOSS; RONN ENGLISH; PERRI NEWELL; SOUTH BAY TEAMSTERS AND EMPLOYERS HEALTH AND WELFARE AND RELATED BENEFITS TRUST FUND, as follows:

1.      [ESTABLISHMENT OF TRUST ACCOUNT]  No later than thirty days after the date of this Judgment, Defendants are ORDERED to "restore to the plaintiff particular funds or property in the defendant's possession." 29 U.S.C. § 1109(a).  Specifically, defendants are ORDERED to:

a) Relinquish all control over the sum of $1,762,568.89 which are assets of the Southern California Bakery Drivers Security Fund (Bakery Drivers Fund), and transfer those funds to a separate account under the control of Southwest Administrators, Inc. (SWA), which shall be referred to here as the "Trust Account."

b) The Trust Account shall be an interest-bearing account, and Defendants shall have no control over it.  SWA shall hold these funds in trust, as a fiduciary.  SWA may engage investment managers or others to invest or otherwise manage the Trust Account, as long as such persons are bonded in favor of the Bakery Drivers Fund, in accordance with 29 U.S.C. § 1112(a).

c) The Trust Account shall be considered assets of the Bakery Drivers Fund, to be used solely for the benefit of Bakery Drivers Fund participants and beneficiaries, and for reasonable administrative expenses, subject to this Order or further order of this Court.

2.      [ACCOUNTING OF ASSETS AND APPOINTMENT OF MASTER] Defendants are ORDERED to provide an Accounting of "any losses to the plan resulting from" their breach of fiduciary duty, and of "any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, . . . ." 29 U.S.C. § 1109(a). Specifically, it is ORDERED that: Within thirty days of the date

of this Order, counsel for plaintiffs and defendants shall select a certified public accountant (or firm) to perform the Accounting.  Such person is hereby appointed as a Master, pursuant to Fed. R. Civ. P. 53(b).  If counsel are unable to select a Master in that time, then each party shall submit a list of up to two choices each to the Court, and the Court shall select one and issue an Order ex parte.  The Master so appointed shall be served with this Order and shall, within ten days, file and serve the affidavit required by Fed. R. Civ. P. 53(b)(3)(A) and 28 U.S.C. § 455.  If no objection is filed within five days of filing such affidavit, the Master is directed to proceed with all reasonable diligence, as follows:

    a) The Master is directed to determine any reasonable charges for administrative expenses, during the period that the assets were under the control of defendants, in addition to the payments to SWA included in the calculation of the $1,762,568.89 surplus.  The Master is directed to determine the actual investment gain or loss on the $1,762,568.89 surplus, from May 31, 2001 to the date defendants relinquish control of the surplus funds, as well as the reasonable investment gain or loss which should have occurred if the funds were prudently managed and invested.  It shall be the burden of defendants to provide and prove the information necessary to make this calculation.

    b) Defendants shall cause all of the books and records of the South Bay Fund to be available to the Master for inspection.  The Master may communicate directly with agents and employees of the South Bay Fund in order to obtain or explain the necessary information, and the agents and employees of the South Bay Fund are directed to cooperate fully with the Master.  Any failure to cooperate or provide such information shall be a violation of this Order, and the Master, or counsel, may apply to this Court for Contempt of Court against the offending party.

    c) The Master shall issue a Report of Findings, which shall state the results of the accounting described in (a) above, and detail the basis at which that result

was arrived at.

d) The Report of the Master shall be filed and served within sixty days from the date the Master accepts this appointment. Counsel shall then meet and confer, in compliance with Local Rule 7-3, and within twenty days of service of the Report shall either file a joint motion for entry of final judgment based upon the Report, or file any objections to the Report. In either case, a hearing shall be set by the Court for entry of final judgment upon the Master's Report. Any objections to the Report shall be reviewed pursuant to Fed. R. Civ. P. 53(f).

e) The Master shall be compensated, at reasonable rates, from the Trust Account. The Master shall submit a bill, along with the Report. SWA is authorized to pay that bill from the Trust Account, only after the Report is filed with the Court. The compensation of the Master may be taxed as costs, pursuant to Local Rules 53-2 and 54-4.10.

3.   [DISPOSITION OF TRUST ACCOUNT] At the hearing set on the Master's Report, the Court shall determine the disposition of the Trust Account. If the Report (as reviewed by the Court) shows that additional administrative expenses were incurred, that exceed the investment gain which was, or should have been, realized from the funds, as well as any reasonable charges to the Trust Account made by SWA, then that excess sum may be returned to the South Bay Fund out of the Trust Account. In any case, once a final Judgment is entered, the balance in the Trust Account may be intermingled with the other assets of the Bakery Drivers Fund, according to their own governing documents and the fiduciary requirements of ERISA, and this Court shall have no further jurisdiction over the Trust Account.

/ / /

4.   [PERSONAL LIABILITY OF DEFENDANTS]   If the Report (as

03-5550Judgment.wpd

reviewed by the Court) shows that the investment gain which was, or should have been, realized from the funds, exceeds any additional administrative expenses incurred, then defendants "shall be personally liable to make good to the" Bakery Drivers Fund that amount, and money judgment shall be entered by the Court at the hearing on the Report for that amount, jointly and severally against all defendants. 29 U.S.C. § 1109(a).

5.   [FINAL JUDGMENT, COSTS AND FEES]   This Judgment is Interlocutory, and immediately enforceable.  However, no final Judgment is entered until the money judgment, if any, is determined at the hearing described above.  Any application for costs or fees shall be made only after the final Judgment described above, in accordance with this Order and Local Rules 54-3 through 54-12.

SO ORDERED.

Dated: August 5, 2008

_____
HON. MANUEL L. REAL
U.S. DISTRICT COURT JUDGE

Submitted By:

HIRSCH ADELL and
J. DAVID SACKMAN, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation

By: _____
       J. DAVID SACKMAN
       Attorneys for Plaintiffs

-5-

03-5550Judgment.wpd